By the Court.
This cause coming on for trial in the court below, upon the general issue, a jury was called without objection; and thereupon the defendants, James and Andrew Hullinger, proceeded to exercise their right of challenge for cause, and upon their joint challenge three of the jurors called were discharged by the court, and also upon their joint peremptory challenge, three other jurors called upon the panel, were likewise dismissed by the court. Whereupon, the panel being full, the court inquired of the defendants, as well as of the state, whether they had any further objections to the jury, and the parties answered, “ None.”
Afterward, and before the jury were sworn, the defendants moved the court for separate trials. Which motion the court overruled, and defendants excepted.
The plaintiffs in error now claim that the above ruling was erroneous, and in violation of their rights, as secured by section 153 of the criminal code (66 Ohio L. 310), which provides, “ When two or more persons are indicted for a felony, each person .so indicted, shall, on applicatiou to the court for that purpose, be separately tried.”
*443 There is no doubt that the right to separate trials thus secured, may be waived by the parties; nor is there any doubt that such waiver may be implied from the conduct of the parties. The question here is, whether the exercise of the right of challenge during the impaneling of the jury is such conduct on the part of the accused as will imply such waiver. "We think the application for separate trials must he made before exercising the right of challenge, otherwise the right of separate trials will be deemed to have been waived.

Judgment affirmed.